No. 16,204.

SPEARS FREE CLINIC AND HOSPITAL FOR POOR CHILDREN
*v.* STATE BOARD OF HEALTH ET AL.
(220 P. [2d] 872)

Decided July 1, 1950.

148

Mr. CHARLES GINSBERG, Messrs. DICKERSON, MORRISSEY & ZARLENGO, Messrs. CREAMER & CREAMER, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN MOORE, Deputy, Mr. FRANK A. WACHOB, Assistant, Mr. JAMES D. GEISSINGER, Special Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

SEPTEMBER 27, 1943, the state board of health issued a "temporary provisional license" to plaintiff in error to

operate a chiropractic sanitarium. November 19, 1946, upon notice and after hearing, said board ordered and adjudged that the license so issued be revoked. January 9, 1947, action in the nature of certiorari was instituted by plaintiff in error for review of the action of said board, under rule 106(a)(4), R.C.P. Colo., and review is here sought of judgment of dismissal entered in such action by the trial court December 18, 1948. The record was filed in this court March 14, 1949, but as a result of numerous extensions of time stipulated or consented.to by the parties final briefs were not submitted until May 3, 1950. The matter was then set for oral argument and heard by us May 22, 1950. The record of the evidence before the state board of health covers 1623 folios and the briefs total 432 pages.

It is first urged that the state board of health was without jurisdiction to issue or revoke a license to plaintiff in error in that its sanitarium is located within the City and County of Denver, which is a home-rule city; that said city has legislated in the field of licensing hospitals and sanitariums by ordinance covering the same field as the state statute and subsequent thereto and that its ordinance supersedes the statute within its territorial limits.

██ Under the provisions of Article XX of the Constitution and of its charter, the city acquired exclusive control of local and municipal affairs, but it remained "as much amenable to state control in all matters of a public, as distinguished from matters of a local, character, as are other municipalities." *People ex rel. v. McNichols*, 91 Colo. 141, 13 P. (2d) 266. Health is a matter which may be either of general or of municipal concern. Infectious diseases in particular recognize no city lines, and under its police power the state retains the right to regulate such matters affecting public health as are of general concern, including the right to license and regulate hospitals wherever situated. At the same time, congested living conditions within cities

may produce health problems justifying further regulation than those deemed necessary by the legislature, and as to such matters cities may possess the police power of further regulation within their limits. We are not here confronted with any conflicting mandate of statute and ordinance or with challenge to any particular statutory command, but only with challenge to the broad right of the legislature to provide for the licensing of hospitals within the limits of home-rule cities, in the interest of the general health. That challenge cannot be sustained.

It is next urged that the action of the state board of health is void for the reason that by subsequent statute jurisdiction over the practice of chiropractic has been taken away from the state board of health and transferred to the board of chiropractic examiners. Jurisdiction concerning the practice of chiropractic is but a small segment of the broader field of jurisdiction over matters concerning the general health, and authority to issue and revoke licenses for the practice of chiropractic, which was delegated to the board of chiropractic examiners, does not overlap the authority to regulate hospital premises for treatment of the sick in the interest of the general health. No method of treatment legally employed will be unduly impinged by reasonable requirements for the protection of the public health in institutions where such treatment is to be performed.

Many other questions are raised and argued in the briefs as to the procedure adopted, the admissibility of evidence received, the alleged prejudice of board members, their absence from sessions and voting without hearing all the evidence submitted, and other matters appearing in the record, but we do not find it necessary to consider these questions because of a more fundamental and precedent defect in the proceedings of the board.

Consistent with the contention of the attorney gen-

eral, we shall assume that the scope of our review here "is limited to the inquiry as to whether jurisdiction has been exceeded, discretion abused or authority regularly pursued," as stated in *Utilities Commission v. Erie,* 92 Colo. 151, 18 P. (2d) 906.

In considering the question of the regular pursuit of authority, it is fundamental that authority to regulate does not include the authority to legislate, but is strictly limited by the law under which it is pursued. The practice of chiropractic is recognized and authorized by law. We must accept such practice as a lawful occupation and as in the public interest. It may not be arbitrarily limited or discriminated against, and its advocates may lawfully erect and operate buildings and facilities for the treatment, according to its tenets, of patients seeking its aid, subject only to the limitations set out in the law and to reasonable regulations under the police power. Such regulations must bear relation to the public health or welfare and must apply to all persons alike.

The sole authority of the board in the issuance and revocation of licenses is chapter 172, S.L. 1909, being now subdivision 1, article 5, chapter 78, '35 C.S.A., constituting sections 133 to 138 inclusive of said chapter. This statute provides, insofar as we are here concerned, that it shall be unlawful to open or maintain any hospital or other institution for the treatment or care of the sick or injured without first having obtained a license therefor from the state board of health; that an application for such license shall be made as therein provided; that the board "shall issue licenses to such applicants furnishing satisfactory evidence of fitness to conduct and maintain such institution in accordance with the provisions of this act and the rules and regulations adopted by such Board; and such license shall be signed by the President and attested by the Secretary of said Board and have the seal thereof affixed thereto," and that "licenses may be refused to applicants not

complying or meeting with the requirements of this act and of the rules and regulations of the Board," and that licenses may be revoked for like reasons. This statute, on which the board must rely for its authority, provides only for the issuance of permanent licenses which shall continue until revoked; that they be signed by the president of the board, and attested by the secretary, and bear the seal thereof affixed thereto; that they issue upon showing of fitness to conduct the institution "in accordance with the provisions of this act and the rules and regulations adopted by such Board," and that they be refused or revoked solely by reason of not complying with the requirements of the act and rules and regulations of the board.

As disclosed by the record, the form of the so-called license issued to plaintiff in error and later attempted to be revoked reads as follows:

"State of Colorado
Division of Public Health
Denver, Colorado

"Spears Free Clinic and Hospital for Poor Children, Inc. Of Denver, Colorado, Is Hereby Granted a Temporary Provisional License To Operate a Chiropractic Sanitarium Pending Consideration Of an Application for a Permanent License by the State Board of Health and Subject to the Following Conditions: 1. That maternity cases shall not be received. 2. That surgery will not be performed. 3. That drugs or medicines shall not be administered. 4. That no contagious or infectious cases will be admitted or treated. 5. That the name "hospital" shall not be used in describing or designating the institution. 6. That this temporary provisional license shall not become effective until the applicant has confirmed his understanding of these conditions by letter delivered to the Secretary of the Colorado State Board of Health. In the Event of the Denial of a Permanent License to the Applicant by the Board, this Temporary Provisional License Shall Become Null

and Void, Upon Written Notice Thereof to the Applicant.

"Dated at Denver, Colorado, This 27th Day of September, 1943.

-------------------------------------------------- .
"Hospital Inspector, Division of Maternal and Child Health.

"Approved:

--------------------------------------------------------------
Secretary and Executive Officer,
Colorado State Board of Health."

Assuming that this instrument was in fact signed by an inspector and approved by Dr. Cleere as secretary and executive officer of the board, which does not appear from the record, it is at once apparent that the instrument issued to plaintiff in error was in no respect a compliance with the statute under which the board must act. By its very terms it was not a license as authorized by the statute, but an unauthorized temporary provisional permit issued "pending consideration of an application for a permanent license"; it was not signed by the president of the board nor even issued under its apparent authority; it was not attested by the secretary of the board; it did not bear its seal; most important of all, it was not conditioned upon a compliance with "the provisions of this act and the rules and regulations adopted by such Board,"—rather, it was conditioned on five stated prohibitions, no one of which was either a provision of the statute or properly, or in fact, a rule or regulation of the board. These prohibitions bear no relation to the sanitary conditions or the adequacy of equipment of the sanitarium; no relation to the training, competence or qualification of its personnel, or those in attendance on its patients, and no relation to the public health, morals, welfare or security. They are not set up as rules or standards for

chiropractic sanitariums generally, but are arbitrary and discriminatory restrictions against applicant alone.

There is not a sentence in the issued license which follows the statute on which it is based. We cannot apply the rule that where a license contains invalid provisions it constitutes a valid license when purged of such conditions, for the reason that after such purging nothing would remain, except the place and date. Instead of pursuing its statutory authority, the state board of health attempted to usurp the function of the legislature and set up a law of its own.

■ ■ However, while there is nothing valid about the issued license, yet the very fact that the board issued authority for the opening and operation of the sanitarium constitutes a finding by the board, of proper application for a license and satisfactory evidence of fitness to conduct and maintain the sanitarium. Such finding was a legal prerogative of the board and upon such finding the board was legally obligated to issue a proper license in place of the one actually issued. Assuming that as done which should have been done, to wit, the actual issuance of a proper license, and that such license was subject to revocation as provided by the statute, the revocation here ordered was of a certainty not in regular pursuit of authority. The charges upon which revocation was predicated were based, not on violations of any provision of statute or of any rule or regulation of the board, but on asserted violations of the arbitrary and unauthorized conditions in the issued license. In the "notice of hearing to revoke license" upon which the hearing was based, plaintiff in error was notified that the grounds of revocation charged were:

"It is alleged that such license should be revoked because you have violated conditions numbered 2, 3, 4 and 5 contained therein in the following particulars, to wit: 1. In that surgery has been performed; 2. In that drugs and medicine have been administered; 3. In

that contagious and infectious diseases have been admitted and treated; 4. In that the name 'hospital' has been used in describing or designating the institution. At this hearing you may be present, introduce evidence in your own behalf, and be represented by counsel, if you so desire.

"Colorado State Board of Health

"By R. W. Dickson
President

"R. L. Cleere  M.D.
Secretary"

There was no charge that licensee authorized, or by negligence permitted, surgery to be performed or drugs or medicine to be administered by persons or under conditions prohibited by law or regulation, or that licensee violated any law or regulation in the admittance or segregation or treatment of contagious or infectious diseases, or in its use of the word "Hospital." Even if the evidence adduced at the hearing on those charges established the truth of all of them, as is asserted in behalf of the board, still no ground for valid revocation was shown. The violation of void conditions could not justify revocation. If proper grounds of revocation had been shown at the hearing, they might not here and now be considered, for the reason that the only matters which the board could properly consider at the hearing were those included in the notice upon which it was based. Accordingly, we must determine that the court erred in its judgment of dismissal; that the attempted revocation of license by the board was void; that the license so sought to be revoked was void, and that in its stead at the time of its issuance the board should have issued a license in accordance with the law under which it acted.

Under rule 54 of our rules of civil procedure, it is the duty of the court to grant relief to which a party is entitled, even though not specifically demanded in

the prayer. Accordingly, the judgment of dismissal is reversed with instruction to the trial court to enter proper decree for the issuance of a license to plaintiff in error for the maintenance of its chiropractic sanitarium here involved, as of September 27, 1943, conditioned as provided by law, to constitute a permanent authority therefor, until revoked for failure to comply with the requirements of law or rules and regulations of the board of health adopted pursuant thereto.