Mr. Carl M. Peterson President Colorado State Electrical Board 211 State Office Building Colfax and Sherman Streets Denver, Colorado 80203
Dear Mr. Peterson:
QUESTION PRESENTED AND CONCLUSION
In response to your letter of August 5, 1975, I have researched the matters presented and now transmit to you my opinion concerning various provisions of Title 12, Article 23, 1973 Colorado Revised Statutes involving regulation of electricians.
 I am confining my remarks to the question of the scope of regulatory authority which can be exercised by the State and that which is retained by home rule cities.
ANALYSIS
House Bill 1709 (effective July 25, 1975), by adding 73 C.R.S.12-23-111(15), establishes a single statewide licensing authority to be administered by the Electrical Board. That section provides:
 (15) Inasmuch as electrical licensing, and the examination of persons performing electrical work, is a matter of statewide concern, no examination, certification, or licensing of electrical contractors nor any examination, certification, licensing, or registration of master electricians, journeyman electricians, residential wiremen, apprentices, or trainees who are licensed or certified under this article shall be required by any city, town, county, or city and county; however, any such local governmental authority may impose reasonable registration requirements on any electrical contractor as a condition of performing services within the jurisdiction of such authority. Registration fees charged by any such local governmental authority to any such electrical contractor shall not exceed those costs associated with such registration requirements and functions.
The intent of the statute seems clear. Electrical licensing and the competence of persons to engage in electrical work is a matter of statewide concern. Thus only the State Board may impose examination, certification or licensing requirements which assures uniform standards of competency; local government authorities cannot exercise this authority. However, the statute does sanction imposition by local governments of reasonable registration requirements on any electrical contractor as a condition to performing services within their jurisdiction. The fee imposed for such registration may not exceed the costs associated with such registration requirements and functions. Thus the local governments' authority allows them to keep track of who is performing work in their jurisdictions but does not go so far as to allow them to set standards for competence, examine for competence or set a fee in excess of their costs of administrating a registration system.
The next question is whether that statewide licensing scheme, created by House Bill 1709, is valid under Colorado Constitution, Article XX, Section 6, involving the authority of home rule cities. This question would become crucial if, for example, a home rule city continued to enforce an ordinance requiring examination, certification or licensing of electricians in spite of House Bill 1709. In that case there would be a clear conflict between the municipal ordinance and the state statute since one permits that which the other forbids.Ray v. Denver, 109 Colo. 74,121 P.2d 886 (1942); Vela v. People, 174 Colo. 465, P.2d 1204 (1971).
The determination of which authority prevails depends on the nature of the subject matter involved. Generally, in purely local and municipal matters, an ordinance of a home rule city would be valid and thus supersede a conflicting state statute. Conversely, an ordinance of a home rule city would be found invalid if it is in conflict with a state statute dealing with a matter of general or statewide concern.Ray v.Denver, supra; Bennion v. Denver, 504 P.2d 350 (Colo. 1972). And finally in a situation in which the subject matter is both of local and statewide concern, an ordinance and statute can coexist so long as there is not an outright conflict, Spears Hospital v. State Board of Health, 122 Colo. 147,220 P.2d 872 (1950), City of Aurora v. Martin, 507 P.2d 868 (Colo. 1973), or the ordinance would be held invalid if the subject matter required uniformity of regulation.Davis v. Denver, 140 Colo. 30,342 P.2d 674 (1959).Ray v. Denver, supra, Bennion v. Denver.
The examination, certification, or licensing of electricians to establish their competence to do business in the state would probably be considered a matter of statewide concern. Although the legislative declaration of that fact is not determinative on the issue, all of the cases involving licensing have found that the necessity of having uniform standards makes it a matter of statewide concern.Davis v. Denver, supra (regulation of driving while license is suspended); Ray v. Denver, supra (regulation and licensing of the business of making small loans); Spears Hospital v.State Board of Health, supra (licensing of health care facilities). Thus an ordinance of a home rule city which requires city examination, certification, or licensing of electricians would be in conflict with 73 C.R.S. 12-23-111(15) and thus be invalid. The legislature has, however, delegated the regulatory authority to local governments to register electrical contractors provided that the registration fee is not in excess of administrative costs. Such delegation is proper and specifically limits the regulatory authority of cities in the matter.Davis v. Denver,supra; City of Aurora v. Martin, supra. By the same token, the concurrent jurisdiction of the local governments to inspect electrical work performed within their jurisdictions can be limited by uniform standards requirement for inspection fees contained in 73 C.R.S. 12-23-117(1)(d) and inspectors' qualifications contained in 73 C.R.S. 12-23-115 because of the statewide concern.
SUMMARY
Electrical licensing is a matter of statewide concern and therefore C.R.S. 1973, 12-23-111(15) preempts the authority of home rule cities to license electricians.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
LICENSES, OCCUPATIONAL AND PROFESSIONAL
MUNICIPAL CORPORATIONS
ELECTRICITY

C.R.S. 1973, 12-23-111(15) C.R.S. 1973, 12-23-117(1)(d)
H.B. 1709 (1975 Sess.)
Colo. Const. art. XX, § 6
REGULATORY AGENCIES DEPT. Electrical Board
Electrical licensing is a matter of statewide concern and therefore C.R.S. 1973, 12-23-111(15) preempts the authority of home rule cities to license electricians.