585 P.2d 929 (1978)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and State Farm Fire and Casualty Company, Plaintiffs-Appellees,
v.
J. Richard BARNES, C. L. U., as Commissioner of Insurance of the State of Colorado, Defendant-Appellant.
No. 78-418.
Colorado Court of Appeals, Div. III.
October 5, 1978.
*930 DeMoulin, Anderson, Campbell & Laugesen, Richard W. Laugesen, Jr., Denver, for plaintiffs-appellees.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Tucker K. Trautman, Asst. Atty. Gen., Denver, for defendant-appellant.
VanCISE, Judge.
On November 12, 1976, State Farm Automobile Insurance Company and State Farm Fire and Casualty Company (State Farm) filed with the Insurance Commissioner of the State of Colorado (Commissioner) State Farm's proposed 16.5% increase in the rates for personal vehicle insurance lines to become effective December 10 for new and renewal business unless suspended by the Commissioner. He called a rate hearing but did not suspend State Farm's rate from operation pending the hearing as permitted under § 10-4-406(2)(b), C.R.S.1973. Consequently, the rates went into effect December 10 and remain in effect. See §§ 10-4-305 and 318, C.R.S.1973.
Following the rate hearing, the Commissioner issued his order in May 1977, which provided in pertinent part:
"These filed rates are conditionally approved provided State Farm institutes monitoring measures which will result in rate modifications filed in this office should [State Farm's] net underwriting gain to policyholder surplus begin to exceed 6.4%.
.....
"The proposed modifications and increases to State Farm . . . auto insurance rating formulae as filed will not result in rates that are excessive, inadequate, unfairly discriminatory, destructive *931 of competition, or detrimental to the solvency of insurers, as measured by reasonable underwriting profit, provided that no less than 85% of [State Farm's] insureds continue to purchase bodily injury, property damage, personal injury protection, collision and comprehensive in some package form so as to diminish the discriminatory cross subsidization effect of the rates for these lines as filed, and further provided that [State Farm] retain in no form any net underwriting profit in excess of 6.4%
"[State Farm] shall institute appropriate rate, operations and investment return monitoring procedures to effect this order and for these purposes shall report quarterly to the Commissioner.
"All premium monies received from Colorado policyholders in any quarterly period beyond that which is necessary to complete a 6.4% net contribution to underwriting shall be held in trust by [State Farm] for the benefit of said policyholders subject to further order of the Commissioner."
After its motion to amend the order was denied, State Farm sought review in the district court pursuant to § 24-4-106, C.R. S.1973 and C.R.C.P. 106. It determined that the statute did not give the Commissioner authority to limit profits and, consequently, that he did not have the power to require State Farm to hold in trust any net underwriting profit in excess of 6.4%. The Commissioner appeals. We affirm.
Under our property and casualty insurance statutes, § 10-4-301 et seq. and 401 et seq., C.R.S.1973, the Commissioner does not set rates. He is to consider the present projections of future needs based on past experience, and then, based thereon, either approve or disapprove the rates submitted by the insurer. Carroll v. Barnes, 169 Colo. 277, 455 P.2d 644 (1969).
The Commissioner admits that the statutes do not expressly give him the power to approve rates conditionally. However, citing United States v. Chesapeake & Ohio Ry., 426 U.S. 500, 96 S.Ct. 2318, 49 L.Ed.2d 14 (1976), he argues that such authority must necessarily be implied from the statutory grant. We do not agree.
Powers not expressly granted to a regulatory agency will be implied only if such powers are necessary in order to achieve the objectives of the statute, see Colorado State Board of Barber Examiners v. White, 29 Colo.App. 471, 485 P.2d 928 (1971), and if the implied power is exercised in a reasonable manner. See Spears Free Clinic & Hospital v. State Board of Health, 122 Colo. 147, 220 P.2d 872 (1950).
Here, the power assumed by the Commissioner is not only not necessary, it is in derogation of the statutory purpose to have prompt action on rate filings based on present projections. In no event is there any necessity for the Commissioner to have the power to fix a profit ceiling and to force a refund or dividend of any excess.
Also, the conditions imposed were unreasonable. Their effect would be to place an arbitrary 6.4% ceiling on State Farm's profits in any quarter without any corresponding adjustment for losses or lesser earnings in other quarters.
We agree with the trial court that since the approval of the rates was conditional and since there is no way for a reviewing court to determine from the record whether the Commissioner would have approved them without the conditions, the case should be remanded to the Commissioner for further proceedings.
By reason of the foregoing, we do not address the other objections raised to the Commissioner's order.
Judgment affirmed and cause remanded to the trial court with directions to remand the case to the Commissioner for further proceedings.
PIERCE and RULAND, JJ., concur.