Timothy W. Schultz Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, CO 80203
Dear Mr. Schultz:
This opinion letter is in response to your letter of September 20, 1989, in which you inquired about the authority of the Property Tax Administrator to include producing mines valuation procedures in the Assessor's Manuals.
QUESTION PRESENTED AND CONCLUSION
Whether the Property Tax Administrator may include producing mines valuation procedures in Assessors' Manuals even though such valuation procedures are not required to be in those manuals?
Yes, he or she may.
ANALYSIS
Pursuant to § 39-2-109(1)(e), C.R.S. (1982), the Property Tax Administrator (hereafter, "the Administrator") is obliged to prepare and publish manuals, appraisal procedures, and instructions for utilization by assessors in valuing and assessing "taxable property." Because producing mines fall within the definition of "taxable property," see generally
§ 39-1-102(16), C.R.S. (1982), the manner in which they are valued would appear to be an appropriate subject for inclusion in the Assessors' Manuals. The problem, however, is that the Assessors' Manuals "shall be based upon the factors set forth in section 39-1-103(5)(a)," § 39-2-109(1)(e), which do not apply to the valuation of producing mines. Contrast §39-1-103(5)(a), C.R.S. (1982) (general valuation procedure regarding real and personal property) with §§ 39-1-103(1) and39-6-106, C.R.S. (1982) (specific valuation procedure for producing mines). Consequently, § 39-2-109(1)(e) would notrequire producing mines valuation procedures to be included in Assessors' Manuals.
This conclusion does not, however, mean that the Administratormay not include producing mines valuation procedures in Assessors' Manuals. The Administrator has the duty to administer the property tax laws, Colo. Const. art. X, § 15(2), with a view towards creating uniformity of taxation among the various classes and subclasses of property in the state, Colo. Const. art. X, § 3. To this end, he or she is responsible for assisting and cooperating in the administration of all laws concerning the valuing of taxable property, the assessment of same, and the levying of property taxes, § 39-2-109(1)(b), C.R.S. (1982); conducting annual instruction and discussion sessions with the assessors and their employees on appraisal and valuation procedures and methods for ad valorem taxes, § 39-2-110, C.R.S. (1982); reviewing abstracts of assessment from the various counties to insure that the various classes or subclasses of property have been valued for assessment by the use of all "manuals, factors, formulas, and other directives required by law," § 39-2-115(2), C.R.S. (1982); examining all complaints where it is alleged that a class or subclass of property in a county has not been appraised or valued as required by law, § 39-2-111, C.R.S. (1982); and, ascertaining whether the assessor has complied with the law in appraising and valuing the taxable property located within his or her county, §39-2-112, C.R.S. (1982).
In my view, the Administrator would be acting in furtherance of the above-mentioned duties if he or she chose to disseminate information on how to value producing mines in the Assessors' Manuals themselves. See State Farm Mutual AutoInsurance Co. v. Barnes, 41 Colo. App. 380, 585 P.2d 929
(1978); Colo. State Board of Barber Examiners v. White,29 Colo. App. 471, 485 P.2d 928 (1971) (case discussing implied powers of agency or administrators). The producing mines valuation procedures would have to be published in accordance with § 39-6-106, however, since this is the specific statute governing the valuation of mining claims.
SUMMARY
The Administrator may, if he or she chooses to do so, include § 39-6-106 producing mines valuation procedures in manuals published pursuant to § 39-1-109(1)(e).
Sincerely,
 DUANE WOODARD Attorney General
TAXATION AND REVENUE MINES AND MINING STATUTE CONSTRUCTION
§ 39-1-103(1), C.R.S. (1982) § 39-1-103(5)(a), C.R.S. (1982) § 39-2-109(1)(b), C.R.S. (1982) § 39-2-109(1)(e), C.R.S. (1982) § 39-2-109(16), C.R.S. (1982) § 39-2-110, C.R.S. (1982) § 39-2-111, C.R.S. (1982) § 39-2-112, C.R.S. (1982 § 39-2-115(2), C.R.S. (1982) § 39-6-106, C.R.S. (1982) Colo. Const. art. X, § 3
Colo. Const. art. X, § 15(2)
LOCAL AFFAIRS DEPT. PROPERTY TAXATION, DEPARTMENT OF Division of Law
Property Tax Administrator duties include preparing manuals for valuation of producing mines.