No. C-45.

CONSUELO REGINA VELA, CHARLES A. GONZALES, VICTORIA
PEREZ, MILFORD EUGENE HART, PAUL J. HURTADO, AND
JOSE ANTHONY SOLIZ *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(484 P.2d 1204)

Decided May 10, 1971.

466

ALPERSTEIN and PLAUT, P.C., FRANK PLAUT, for petitioners.

No appearance for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

PETITIONERS seek review of an Order of the Weld County District Court affirming their conviction for disturbance under 1965 Perm. Supp., C.R.S. 1963, 40-8-1. They contend that the County Court lacked jurisdiction to proceed with the trial of the charges against them, because the state statute under which they were prosecuted and convicted was superseded by applicable ordinances of the home rule city of Greeley.

In purely local and municipal matters, home rule cities may exercise exclusive jurisdiction by passing ordinances which supersede state statutes. Until they do so, however, the Colorado Constitution provides that state statutes shall continue to apply. Whether a particular state statute has been superseded is governed by Article XX, Section 6 of the Colorado Constitution, which states:

"Such charter [of the home rule city or town] and the ordinances made pursuant thereto in [local and municipal] matters shall supersede within the territorial limits and other jurisdiction of said city or town any law of the state in conflict therewith."

 Thus, for a state statute to be superseded by an ordinance of a home rule city, two requirements must be met. The state statute and the ordinance must be in conflict, and the ordinance must pertain to a purely local matter. Where both of these conditions exist, the state statute is clearly without affect within the jurisdiction of the home rule city. *See, e.g., City and County of Denver v. Henry,* 95 Colo. 582, 38 P.2d 895 (1934).

 This Court, in *Ray v. City and County of Denver,* 109 Colo. 74, 121 P.2d 886 (1942), set forth several tests for determining whether a state statute and a local ordinance are in conflict. One test, which we find applicable here, is:

"[W]here both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot co-exist and be effective."

The legislation to be examined in light of this test follows:

"1965 Perm. Supp., C.R.S. 1963, 40-8-1. *Disturbance — jurisdiction of county court* — If any person shall maliciously or willfully disturb the peace or quiet of any neighborhood or family, by loud or unusual noises, or by tumultuous or offensive carriage, threatening, traducing, quarreling, challenging to fight, or fighting, every person convicted thereof shall be fined in a sum not exceeding fifty dollars, or imprisoned in the county jail

not exceeding two months. The county courts, within their several counties, shall have jurisdiction of the offenses in this section mentioned subject to the right of appeal, as provided by law."

"Ordinance, City of Greeley, Section 15-59. *Disturbing the peace; profanity; fighting; permitting such acts.*

"It shall be unlawful for any person to disturb or to tend to disturb the peace of others by violent, tumultuous, offensive or obstreperous conduct, or by loud or unusual noises, or by unseemly, profane, obscene or offensive language, calculated to provoke a breach of the peace; or by assaulting, striking or fighting another, or for any person to permit any such conduct in any house or upon any premises owned or possessed by him or under his management or control, when within his power to prevent, so that others in the vicinity are or may be disturbed thereby."

■ The only difference between the Greeley ordinance and the state statute is that the ordinance goes further in its prohibition by proscribing profane language and by holding additional parties responsible for the conduct enumerated. Neither piece of legislation permits or licenses what the other forbids and prohibits. Therefore, the legislation is not in conflict, and both pieces of legislation may validly coexist.

In *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614 (1958), this Court, in striking down an ordinance dealing with a matter of state-wide concern, announced that the "[a]pplication of state law or municipal ordinance, whichever pertains, is mutually exclusive." Later, in *Woolverton v. City and County of Denver*, 146 Colo. 247, 361 P.2d 982 (1961), the theory of mutual exclusion was invalidated insofar as it related to matters of both state-wide and local interest. We now expressly overrule the dicta of both these and other cases which suggest that in strictly local and municipal matters ordinances of home rule cities apply to the exclusion of state statutes. As shown herein, state statutes are not

necessarily and automatically superseded by ordinances of home rule cities. Rather, as stated by the author of the *Merris* case, in dissent to *Woolverton v. City and County of Denver, supra,* "[s]uch charter and such ordinances [of home rule cities in local and municipal matters] supersede state laws in *conflict* therewith. . . ." [Emphasis added.]

Our holding that there is nothing basically invalid about legislation on the same subject, by both a home rule city and the state, does not affect the salutary holdings of the *Merris* case requiring criminal law safeguards to be observed in municipal prosecutions. Nor does the principle announced here affect the prohibition against double prosecution. The United States Supreme Court, in *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), clearly established that dual prosecution for violation of a city ordinance and a state statute based on the same acts constitutes double jeopardy.

Since the statute in issue may be upheld on the basis that it is not in conflict with the Greeley ordinance, the question of whether disturbance is strictly a local matter need not be decided.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE dissenting.