## No. C-207

### Joel Bennion v. The City and County of Denver
(504 P.2d 350)

Decided December 18, 1972.

Donald P. MacDonald, for petitioner.

Max P. Zall, City Attorney, Lloyd K. Shinsato, Assistant, Sidney Biderman, Assistant, for respondent..

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant below, Joel C. Bennion (referred to herein as petitioner) was arrested by three police officers in a lounge at Stapleton Airport on June 16, 1970. He was originally charged in the County Court in Denver with disturbing the peace, as well as interference with and resistance to police officers, in violation of various sections of Denver's Municipal Code.

At trial to the court the disturbance charge was dismissed, and petitioner was found not guilty of interference. The county court then proceeded to find petitioner guilty of violating Section .1-1 of Ordinance 847, Series of 1969, of the Revised Denver Municipal Code, which prohibits resistance to a police officer in the apparent discharge of his duty. Under this ordinance it makes no difference whether the arrest was lawful or unlawful. The trial court's judgment was affirmed on appeal by the Superior Court of the City and County of Denver, and we granted certiorari.

Petitioner contests his conviction on the grounds that the resistance ordinance was unenforceable and of no effect because it conflicted with 1967 Perm. Supp., C.R.S. 1963, 40-7-57, which permitted resistance to an unlawful arrest.

We agree and reverse the judgments below.

▆▆▆ Some general principles of Colorado decisional and constitutional law are in order here to place the issue in proper perspective. Home rule cities may pass viable ordinances which supersede state statutes upon the same subject matter where the matters contained therein are matters of exclusively local concern. *Vela v. People,* 174 Colo. 465, 484 P.2d 1204. But where the subject matter of the ordinance is of statewide concern and the terms of the ordinance authorize what the legislature has forbidden, or forbid what the legislature has expressly authorized, the ordinance must fail. *Ray v. City and County of Denver,* 109 Colo. 74, 121 P.2d 886.

We now look at the legislation in question here in the light of the general propositions laid down above.

1967 Perm. Supp., C.R.S. 1963, 40-7-57 reads as follows: "Unlawful arrest — Nothing in sections 40-7-54 to 40-7-57 shall be deemed to prohibit any persons from resisting an unlawful arrest."

Section .1-1 of Ordinance 847, Series of 1969, of the Revised Denver Municipal Code reads as follows:
"It shall be unlawful for any person to resist any police officer, any member of the Police Department, or any person duly empowered with police authority while in the discharge *or apparent discharge* of his duty, or in any way to interfere with or hinder him in the discharge or apparent discharge of his duty." (Emphasis added).

▆▆▆ The existence of a conflict under the Ray test is evident. The ordinance prohibits resistance of an unlawful arrest, while the statute expressly permits it. The conflict having been established, it now becomes necessary to determine whether the ordinance deals with matters local and municipal, or whether the subject matter is of statewide concern.

What is local and municipal as opposed to what is of statewide concern is frequently difficult to determine. Here, although this case involved local police officers enforcing municipal ordinances, the right to resist arrest established by the statute in question applies to all citizens of the state and all law enforcement officials of the state. Furthermore, the nature of the right to resist and its proscription is not peculiarly municipal, but also concerns the public at large. The citizenry of the state justifiably expects some uniformity in the application of criminal laws defining their rights and responsibilities *vis a vis* law enforcement officials.

Under these circumstances, it is apparent that resistance to unlawful arrest is not exclusively a matter of local and municipal concern, and Colo. Const. Art. XX, § 6 does not compel or permit supersession. *See City of Canon City v. Merris,* 137 Colo. 169, 323 P.2d 614, 620. Consequently, Section .1-1 of Ordinance 847, Series of 1969, of the Revised Denver Municipal Code, was without effect on June 16, 1970, because it conflicted with 1967 Perm. Supp., C.R.S. 1963, 40-7-57 and petitioner's conviction based on this ordinance cannot stand.

We should point out that 1971 Perm. Supp., C.R.S. 1963, 40-8-103, which supersedes and replaces 1967 Perm. Supp., C.R.S. 1963, 40-7-57, expressly *prohibits* resistance to an unlawful arrest. Thus, the state law has changed since the situation here arose. There is no longer a conflict between the state statute and the ordinance in question here, and there is nothing basically invalid about legislation on the same subject by both home rule city and the state in the absence of a conflict. *Vela v. People,* 174 Colo. 465, 484 P.2d 1204, 1206.

The judgment is reversed.