## No. C–224

### City of Aurora, municipal corporation v. Marion J. Martin
(507 P.2d 868)

Decided March 5, 1973.

Gary L. Calder, for petitioner.

Charles G. Jordan, for respondent.

MR. JUSTICE GROVES delivered the opinion of the Court.

The respondent Marion Martin was convicted in the Aurora Municipal Court of violating the City of Aurora's assault and battery ordinance. On appeal to the district court the conviction was reversed on the grounds that: (1) assault and battery is a matter of state-wide concern; and (2) the municipal ordinance was pre-empted by enactment of the state assault and battery statute. We view the matter differently.

Aurora is a home rule city under Colo. Const. art. XX. The city's assault and battery ordinance reads as follows:

"An assault and battery is an unlawful beating of another. It shall be unlawful to commit assault and battery upon the person of another. Any person found guilty of assault and battery upon conviction, shall be fined an amount not to exceed three hundred dollars ($300.00), or by imprisonment not to exceed ninety (90) days."

The language of the ordinance is practically identical to the state assault and battery statute, C.R.S. 1963, 40-2-35.[1] The only significant difference between the ordinance and the statute is that the statute provides a possible penalty of one year's imprisonment, or a fine not exceeding five hundred dollars, or both.

■ The city does not contend that assault and battery is a matter of strictly local and municipal concern. *See Vela v. People,* 174 Colo. 465, 484 P.2d 1204 (1971). It argues, rather, that there is sufficient local concern with the subject of assault and battery so that it becomes a matter of "mixed" state and local concern. *Woolverton v. Denver,* 146 Colo. 247, 361 P.2d 982 (1961). It calls attention to the fact that the majority of assault and battery filings in the Aurora Municipal Court result from domestic disputes. The municipal court would seem particularly appropriate for handling this type of case. We conclude that the offense of assault and battery may be viewed as a matter of "mixed" state and local concern.

The question then becomes whether the municipal ordinance and the state statute can co-exist within the city. We are not concerned here with a municipal ordinance which has intruded into a state established felony category. *See*

---

[1] We should point out that this case arose prior to the effective date of the Colorado Criminal Code and the amendments to the state assault and battery statutes contained therein at 1971 Perm. Supp., C.R.S. 1963, 40-3-201 through 40-3-204. For this reason it was not argued and we do not consider here whether, in the light of those amendments, the city's ordinance is valid.

*Quintana v. Edgewater Municipal Court,* 179 Colo. 90, 498 P.2d 931 (1972). Neither are we concerned with the question of whether the subject of assault and battery so requires state-wide uniformity of regulation that a local ordinance cannot stand, since the local ordinance is practically identical to the state statute. *See Bennion v. Denver,* 180 Colo. 213, 504 P.2d 350 (1972).

There is nothing basically invalid about legislation on the same subject by both a home rule city and the state, absent some conflict between the two regulations. *Bennion v. Denver, supra,* and *Vela v. People, supra.*

Several tests for determining whether an ordinance and statute conflict were set forth in *Ray v. City and County of Denver,* 109 Colo. 74, 121 P.2d 886 (1942). As applied here, the essence is whether the ordinance authorizes what the state forbids, or forbids what the state has expressly authorized. In the light of this test, it is apparent that there is no conflict between the substantive portions of the city ordinance and the state statute.

The respondent contends that a conflict does exist because the assault and battery statute provides for a greater penalty than does the municipal ordinance, citing *Davis v. Denver,* 140 Colo. 30, 342 P.2d 674 (1959). In *Davis* this court did hold an ordinance invalid on the independent ground that the penalty provisions of the statute and ordinance "conflicted." However, in the later cases of *Vela v. People, supra,* and *Woolverton v. Denver, supra,* no conflict was found even though the various statutes and ordinances considered in those cases had different penalties. *Cf. Bennion v. Denver, supra.* If a statute provides for a substantially greater penalty than does a similar municipal ordinance, this fact may be considered in ruling whether the General Assembly intended, by enactment of the statute, to pre-empt that field of regulation. Except in felony categories, mere difference in penalty provisions in a statute and ordinance does not necessarily establish a conflict in the sense discussed here.

The final question is whether the state, by

enactment of the assault and battery statute, pre-empted this area of regulation. There is no express declaration of any legislative intent to pre-empt. Additionally, there is nothing in the statue from which we can conclude that the state impliedly intended to preclude any exercise of municipal jurisdiction over the subject of assault and battery. In *Retallick v. Colorado Springs,* 142 Colo. 214, 351 P.2d 884 (1960), this court rejected the idea that the mere enactment of a state statute constituted a pre-emption by the state of the matter regulated:

"To accept the contention of the petitioner would be to adopt a doctrine of virtual pre-emption by the state in all matters upon which the legislature has taken cognizance through enactment of a state statute. It would also strip all of the home rule cities of the state of every last vestige of local rule and local control with the possible exception of a few regulatory and licensing ordinances."

We cannot say that the difference in penalty provisions between the statute and the ordinance is so great that the state's interest will not be protected by a proceeding under the municipal ordinance.

The respondent states that no case in Colorado has upheld the theory of concurrent state and municipal jurisdiction where the municipality was not specifically authorized by statute to legislate in the area in question. However, two cases decided since briefs were filed here, suggest that — but for certain other problems — concurrent jurisdiction was possible even though there was no specific statutory authorization for the ordinances in question. *Bennion v. Denver, supra,* and *Quintana v. Edgewater Municipal Court, supra.*

While it might be possible to imply statutory authorization for municipal assault and battery ordinances from 1967 Perm. Supp., C.R.S. 1963, 139-33-1 (general police power), and C.R.S. 1963, 139-32-1(53) and (55) (fights and affrays), we do not feel compelled to do so. A statute specifically delegating the power of regulation to cities or towns would be useful in deciding that the state did

not intend to pre-empt that field of regulation. *Woolverton v. Denver, supra;* and Klemme, *The Powers of Home Rule Cities in Colorado,* 36 U. Colo. L. Rev. 321 (1964). The absence of such a statute is not determinative of the issue. As discussed earlier in this opinion, the authority for the city's assault and battery ordinance emanates from Colo. Const. art. XX, § 6.

The remaining contentions of the respondent are without merit.

The judgment of the district court is reversed and the cause remanded with the direction that the judgment of the municipal court be reinstated.

MR. JUSTICE KELLEY does not participate.