### No. 27088

**Century Electric Service and Repair, Inc., a Colorado corporation, and David L. McDowell v. John Stone, Director of the Denver Building Department, Richard Armstrong, Supervisor thereof, and The City and County of Denver, a body politic v. The People of the State of Colorado ex rel. Colorado Electrical Board**

(564 P.2d 953)

Decided May 16, 1977.

182

Heinz Kroeger, for plaintiffs-appellees.

Max P. Zall, Robert M. Kelly, John L. Stoffel, Jr., for defendants-appellants.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Tucker K. Trautman, Assistant, for intervenor.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a judgment of the Denver District Court enjoining the City and County of Denver from requiring electrical

contractors and electricians licensed by the state to obtain city licenses. We affirm the judgment of the trial court.

In 1975, the Colorado legislature enacted section 12-23-111(15), C.R.S. 1973 (Supp. 1976), which established exclusive state licensing of electricians. Declaring such licensing to be a matter of state-wide concern, the statute prohibited all local governmental authorities from requiring local licenses for electricians licensed by the state. Denver contended, however, that as a home-rule city, its licensing ordinances superseded the conflicting state statute, and the city refused to issue an electrical permit to an electrical contractor and a master electrician who held state but not Denver licenses. Thereupon, the suit was instituted in the district court to enjoin Denver from requiring a local license.

Article XX, section 6, of the Colorado Constitution contains a broad grant of governmental authority to home-rule cities to enact charters to control their "local and municipal matters." The section provides: "Such charter and the ordinances made pursuant thereto in such matters shall supersede within the territorial limits and other jurisdiction of said city or town any law of the state in conflict therewith."

While this provision established exclusive home-rule over matters of local concern, statutes dealing with matters of state-wide concern operate to the exclusion of conflicting local ordinances. *See, e.g., Bennion v. Denver,* 180 Colo. 213, 504 P.2d 350 (1972). Since in this case the legislative prohibition of municipal licensing explicitly establishes such conflict, the only question with which this court must deal is whether the licensing of electrical contractors and electricians is of such state-wide concern that the home-rule provisions do not apply.

A legislative determination that a matter is of state-wide interest is entitled to great weight, *see Denver v. Tihen,* 77 Colo. 212, 235 P. 777 (1925). In making such a review, this court must consider the changing needs of the people of the state and the impact of the regulation. *See People v. Graham,* 107 Colo. 202, 110 P.2d 256 (1941). *See also City and County of Denver v. Sweet,* 138 Colo. 41, 329 P.2d 441 (1958). Denver contends that the local nature of the licensing of electricians stems from the fact that Chapter 53 of the Denver Building Code contains stricter provisions than those found in the state electrical code. The city claims that effective enforcement of these stricter options requires that it retain authority to grant and revoke the licenses of electricians performing work within the city.

However, even where there is a demonstrable local interest, as well as a state interest, a home-rule city does not by virtue of Article XX derive preemptive authority. *See Davis v. Denver,* 140 Colo. 30, 36, 342 P.2d 674, 676 (1959). In numerous areas, comprehensive state-wide regulatory schemes have been upheld in the face of claims that they infringed

on areas of municipal concern.[1] Here it requires no great showing to establish a legitimate state interest in establishing a single, uniform system of licensing electricians. The state has a clear concern in ensuring that Colorado electricians have free access to markets throughout the state, in eliminating duplicative and expensive licensing and in establishing a state-wide policy on the required competence of electricians. Although Denver may have an interest in enforcing compliance with its electrical code, it has ample powers to require adherence to its code with respect to installations of electrical equipment.

The judgment of the district court is affirmed.

MR. JUSTICE GROVES does not participate.

---

[1] *See, e.g., Spears Free Clinic & Hospital v. State Board of Health*, 122 Colo. 147, 220 P.2d 872 (1950) (state licensing of hospitals located within home-rule cities is valid); *Armstrong v. Johnson Storage & Moving Co.*, 84 Colo. 142, 268 P. 978 (1928) (state may license trucks which operate exclusively within the territory of a municipality); *Keefe v. People*, 37 Colo. 317, 87 P. 791 (1906) (state may impose an eight-hour work day on those people who are engaged in the construction of municipal public works.