## No. 27630

**Svea Virginia DeLong v. The City and County of Denver, a Municipal corporation, and John Ronald DeWitt**

(576 P.2d 537)

Decided February 21, 1978.                    Rehearing denied April 17, 1978.

28

Kenneth N. Kripke, for plaintiff-appellant.

Max P. Zall, City Attorney, Lloyd K. Shinsato, Assistant, John E. McDermott, Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

On February 13, 1971, an automobile driven by Svea Virginia De-Long, the plaintiff-appellant, collided with a Denver police patrol car at the intersection of West Evans Avenue and South Sheridan Boulevard in Denver. The patrol car was responding to an emergency fire call and was proceeding through the intersection against a red light. It was stipulated that the Denver police officer, John Ronald DeWitt, who was driving the patrol car, was acting within the scope of his employment at the time of the accident.

Plaintiff filed an action against the City and County of Denver and Officer DeWitt. It was alleged that the accident had been caused by the defendants' negligent operation of the police patrol car. The case was first tried in February 1973 and a verdict was returned for the defendants. The judgment was reversed and the case remanded for a new trial. *City and County of Denver v. DeLong,* 190 Colo. 219, 545 P.2d 154, *aff'g* 34 Colo. App. 330, 530 P.2d 1308. On retrial, the jury decided in the plaintiff's favor. We affirm the judgment on the issue of liability and reverse the judgment on the issue of damages.

Before each trial, the trial court had ruled that the plaintiff was limited to a maximum recovery of $10,000 damages for personal injuries under C.R.S. 1963, 13-10-2.[1] The parties stipulated that the plaintiff's medical

---

[1] This statute was repealed, Colo. Sess. Laws. 1971, ch. 323 § 19 at 1218, effective July 1, 1972. In a trilogy of 1971 cases, this court rejected the doctrines of: (1) governmental immunity of counties (*Evans v. Board of County Commissioners of the County of El Paso,* 174 Colo. 97, 482 P.2d 968); (2) governmental immunity of school districts (*Flournoy v. School District No. 1 of Denver,* 174 Colo. 110, 482 P.2d 966); and (3) sovereign immunity of the State of Colorado (*Proffitt v. State of Colorado,* 174 Colo. 113, 482 P.2d 965). In response, the legislature enacted the "Colorado Governmental Immunity Act," effective July 1, 1972. *See* section 24-10-101 *et seq.,* C.R.S. 1973.

Section 24-10-114(1)(a) of this Act prescribes a $100,000 damage limitation for "any injury to one person in any single occurrence." However, if a public entity provides insurance coverage greater than $100,000 per person, then an injured party can collect that greater amount.

and hospital expenses alone exceeded $10,000. Thus, after the second trial, a verdict of $10,000 in personal injury damages, as well as $2,208 in property damage, was entered in plaintiff's favor. Plaintiff made timely objection and now appeals the trial court's limitation of personal injury damages to $10,000.

Plaintiff first argues that there are applicable Denver charter provisions that put no limit on the amount of personal injury damages recoverable for tortious acts of police officers. Plaintiff perceives this subject matter to be a matter of local concern and therefore she contends that the charter provisions supersede the state statutes. Second, plaintiff argues that if the $10,000 damage limitation is applicable, then it unconstitutionally denies her due process of law.

■ Article 10 of chapter 13, C.R.S. 1963, was entitled "Liability of Government Vehicles." It was enacted in 1949 as a partial abrogation of the prior tort immunity of state, county, municipal, and quasi-municipal police, fire, and health department personnel. Section 13-10-1 provided that, when a person was injured by the tortious operation of a motor vehicle by a police, fire, or health department employee engaged in the line of duty, the public entity and the motor vehicle driver shall be liable. Section 13-10-2 limits such liability to $10,000 per person for bodily injury and $5,000 per accident for property damage.[2]

The Denver City Charter also partially discards the doctrine of governmental immunity. In lawsuits jointly brought against Denver and any of its officers or employees, charging tortious acts committed in the regular course of their employment, the charter specifies that: "[T]he City and County of Denver shall not avail itself of the defense of governmental immunity and shall be liable in the same manner and to the same extent as a

---

[2] The full text of these statutory sections is as follows:

"* * * In case any injury to the person or property of another is caused by the tortious operation of a motor vehicle by a state, county, municipal or quasi-municipal police, fire or health department while engaged in the line of duty, the state, county, municipality or quasi-municipality and the motor vehicle drivers thereof shall be liable for such injury to the extent hereinafter stated; and subject to all defenses and laws as the same apply to such actions founded on tort." C.R.S. 1963, 13-10-1.

"* * * (1)(a) The liability imposed by this article shall be subject to the conditions provided by appropriate statutes or charter and shall be limited as follows:

"(b) Bodily injury liability, ten thousand dollars for each person, twenty thousand dollars for each accident.

"(c) Property damage liability, five thousand dollars for each accident." C.R.S. 1963, 13-10-2. This article was repealed in 1971.

private employer under like circumstances." Denver City Charter Chap. C, Sec. 6.8-1. In another provision, the charter more specifically states that Denver shall be liable for the tortious acts of its police department members and shall indemnify those members in certain circumstances. Denver City Charter Chap. A, Sec. 9.4-2. Nowhere in the Denver charter is there a monetary limitation on damages.[3]

The state statutory sections and the city charter provisions are both applicable to this litigation. Each deals with the tortious acts of police officers committed within the scope of their duties and each concerns situations where the municipality is directly sued along with the police officer. As noted before, C.R.S. 1963, 13-10-2, places a $10,000 limit on personal injury recovery. The Denver charter provision contains no monetary limitation on damages and makes Denver liable in the same manner and to the *same extent* as a private employer under like circumstances. Denver City Charter Chap. C, Sec. 6.8-1.

### I.

Since the state statute and the Denver charter both apply to the subject matter of this litigation, we must determine whether one supersedes the other. The City and County of Denver is a home-rule city and in matters of purely local and municipal concern it can legislatively supersede conflicting state statutes. *Colo. Const.* Art. XX, Sec. 6; *Vela v. People*, 174 Colo. 465, 484 P.2d 1204. Likewise, in matters of exclusively statewide concern, state statutes will always supersede conflicting local enactments. In this case, however, we do not find that either enactment supersedes the other.

In our view, governmental immunity for tortious acts of municipal police officers is a matter of *both* statewide and local concern. In 1949, the General Assembly chose to abrogate the prior tort immunity of state, county, municipal, or quasi-municipal police, fire, or health department personnel for their tortious operation of motor vehicles. The state has a legitimate concern in the uniform application of this policy

---

[3] The full text of these charter provisions is as follows:

"C6.8-1. Officers and employees — City liability for torts. In all suits or actions brought against the City and County of Denver jointly with any of its officers or employees charging tortious acts of said officers and employees committed in the regular course of their employment, the City and County of Denver shall not avail itself of the defense of governmental immunity and shall be liable in the same manner and to the same extent as a private employer under like circumstances and pay all final judgments rendered against the said City and County of Denver."

"A9.4-2. The City and County of Denver shall be liable for the acts or omissions of the members of the classified service of the police department within the scope of their respective offices, in tort, in the same manner and to the same extent as a private employer under like circumstances and said city and county shall pay or indemnify such member for the payment of any final judgment rendered in any such suit or action wherein said city and county is a defendant or third party defendant, and wherein it is found by the court or jury that the act or omission complained of was within the scope of the office of such member. No notice of injury or claim shall be required in actions brought against said city and county under the provisions of this section."

throughout Colorado. Yet, each municipality also has a valid interest in ensuring that adequate compensation is awarded to persons injured by the tortious acts of the municipality's police officers.

This court has long recognized that certain matters are not exclusively of local or statewide interest, but are properly of concern to both. Examples of such concurrent areas of interest are: policemen's and firemen's pensions (*Conrad v. City of Thornton*, 191 Colo. 444, 553 P.2d 822); assault and battery (*City of Aurora v. Martin*, 181 Colo. 72, 507 P.2d 868); shoplifting (*Quintana v. Edgewater Municipal Court*, 179 Colo. 90, 498 P.2d 931); disturbance of the peace (*Vela v. People*, 174 Colo. 465, 484 P.2d 1204); gambling (*Woolverton v. City and County of Denver*, 146 Colo. 247, 361 P.2d 982); and speeding (*Wiggins v. McAuliffe*, 144 Colo. 363, 356 P.2d 487).

■ If a subject matter is of both local and statewide concern, then a home-rule charter provision or ordinance and a state statute may coexist if they do not conflict. *Greeley Police Union v. City Council of Greeley*, 191 Colo. 419, 553 P.2d 790; *Vela v. People, supra.* A home-rule city possesses what has been labeled a "supplemental authority" to legislate on a subject matter of concurrent concern. *Woolverton v. City and County of Denver*, 146 Colo. 247, 361 P.2d 982. Of course, if the state and local enactments do conflict, then the state statute would supersede the home-rule charter provision.

■ We do not find the Denver City Charter provisions to be in conflict with C.R.S. 1963, 13-10-1, *et seq.* This is not a situation where a municipal enactment permits what a state statute forbids. *Cf. Ray v. City and County of Denver*, 109 Colo. 74, 121 P.2d 886. Both the state and the City and County of Denver have chosen to abrogate the doctrine of governmental immunity for the tortious acts of police officers. The statute limits the extent of the benefits flowing from the abrogation of governmental immunity to $10,000 for personal injuries. Our reading of the statute as a whole, however, does not compel the conclusion that the legislature intended to prohibit a home-rule municipality from extending greater benefits to persons injured by the tortious acts of its officers. The operative words are that the governmental entity "* * * shall be liable *to the extent* hereinafter stated * * *." (Emphasis added.) Had the legislature intended to prohibit the entity from extending greater benefits, it would have used language appropriate to do so.

Here, the People of Denver, by charter amendment, decided to further extend the salutary principles enunciated by the state legislature and to permit victims of torts of City police department members to receive greater compensation. *See Conrad v. City of Thornton*, 191 Colo. 444, 553 P.2d 822. We cannot say that a municipality may not provide greater monetary compensation to victims of torts committed by the municipality's own police officers. This additional compensation certainly

does not offend any pertinent state interest.

Since we have held that there is no conflict between the statute and the charter provisions, the latter control and the $10,000 limit of the statute is not applicable.

We do not, therefore, reach plaintiff's constitutional challenge to the statute.

## II.

■ Plaintiff contends that she is also entitled to receive interest on her judgment, commencing with the day she filed suit. Section 13-21-101, C.R.S. 1973, allows a plaintiff to claim interest for personal injury damages resulting from: "the tort of any other person, corporation, association, or partnership." Denver responds that interest cannot be recovered on a judgment against Denver because this court has held that: "[T]he word 'corporation' as used in the interest statute in question does not include in its meaning a municipal corporation." *City of Boulder v. Stewardson*, 67 Colo. 582, 189 P. 1.

We need not decide whether interest may be awarded against Denver in this case. The judgment entered was a joint one against the individual police officer and the City and County of Denver. Since the officer qualifies as a "person" under the interest statute, the plaintiff is certainly entitled to claim interest on the judgment against the officer.

## III.

■ Defendants assert that plaintiff should be precluded from raising the damage issue in this appeal, for the reason that plaintiff had the opportunity to raise the same issue in the court of appeals after the first trial and did not do so. We do not agree with this proposition. In the first appeal, there was no issue of damages to present to the court of appeals, since the jury returned its verdict for the defendants on the issue of liability. Plaintiff might have included such an issue in the first appeal. In the posture of the case, however, where the appeal is from a second trial held on all issues, it would not serve the interests of justice to preclude plaintiff's right to appeal the damage issue for that reason alone.

Accordingly, the judgment of the district court is affirmed as to liability and reversed as to damages, and the cause is remanded to the district court, with directions to hold a trial on the issue of damages only, consonant with the views herein expressed.

MR. JUSTICE CARRIGAN does not participate.