Robert R. Ridl, CPA Director of Local Government Audits Office of State Auditor 1365 Logan Street, Suite 300 Denver, CO 80203
Dear Mr. Ridl:
This opinion letter is in response to your letter of November 3, 1980, by which you inquired whether the City and County of Denver is subject to the provisions of the Colorado Local Government Audit Law, C.R.S. 1973, 29-1-601 et seq., as amended, and the Colorado Local Government Uniform Accounting Law, C.R.S. 1973, 29-1-501 et seq. In your letter, you included a 1966 attorney general's opinion and a 1975 Denver city attorney's opinion for our review and consideration. The opinion of former Attorney General Duke W. Dunbar, dated June 22, 1966, opined that Colorado home rule cities are subject to the local government audit law. However, the 1975 opinion of the city attorney's office of the City and County of Denver opined that Denver isnot subject to that statute, which again raises the issue of the statutes' applicability to Denver.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
a. Is the City and County of Denver subject to the Colorado Local Government Audit Law, C.R.S. 1973, 29-1-601 etseq., as amended?
 My conclusion is "yes." As expressed in the June 22, 1966 opinion of the attorney general, then Mr. Duke W. Dunbar, home rule cities, including the City and County of Denver, are subject to the local government audit law.
b. Is the City and County of Denver subject to the Colorado Local Government Uniform Accounting Law?
 My conclusion is "yes." That act is essential to the carrying out of the duties of the state auditor under the local government audit law and is therefore equally applicable to the City and County of Denver.
ANALYSIS
1. As a starting point in this analysis I expressly incorporate herein the attorney general's opinion of former Attorney General Duke W. Dunbar, dated June 22, 1966 (attached to this opinion as exhibit A). That opinion unequivocally concludes that the Colorado Local Government Audit Law applies to home rule cities.
Note that Mr. Dunbar's opinion turned in part on the definitional language of the statute which expressly includes within the definition of a local government "a city and county" separate and apart from "a city" or "a county." Mr. Dunbar reasoned:
 there is but one single "city and county" in the state, which is the City and County of Denver, which is known by the members of the General Assembly to be a home rule city. Consequently it is apparent that the General Assembly must have intended that the Act should apply to home rule cities.
Thus the opinion unmistakably concludes that the City and County of Denver, as well as other home rule cities, are subject to the local government audit law.
However, a December 22, 1975 opinion of the city attorney's office for the City and County of Denver, attached hereto as exhibit B, states:
 The (local government audit law) merely prescribed that which is already present in our Charter and accordingly the provisions of the Charter are paramount and the statute is not applicable to the City and County of Denver.
The basis for this conclusion, according to the city attorney's opinion, is that the City and County of Denver is
 a constitutionally created unit of local government under Article XX of the Constitution of the State of Colorado. As such, the grant of authority by Article XX would supersede any statutory provisions (such as cited above) in matters which are of local concern.[1]
The opinion goes on to discuss the general duties of the city auditor under Denver's home rule charter, and concludes:
 (T)he statutory requirements are in effect an exact duplication of the Auditor's duties under the Charter in that an audit is required on an annual basis (29-1-603) and that said audit shall require financial statements and an opinion of the person doing the audit with respect to the financial statements. (29-1-605)
Thus the city attorney's opinion implies that because the duties of the auditor are (1) of local concern (the opinion does not, however, say of "purely" local concern), and (2) duplicative of the statutory requirements, the provisions of the chartersupersede the Colorado Local Government Audit Law, and the statute therefore does not apply at all to the City and County of Denver.
Such an analysis is, however, contrary to Colorado law regarding home rule cities. The Colorado Supreme Court expressly held in 1971, prior to this city attorney's opinion, that for an ordinance or charter to supersede a state statute two requirements must be met.
 The state statute and the ordinance (or the charter) must be in conflict, and the ordinance must pertain to a purely local matter. Where both of these conditions exist, the state statute is clearly without affect (sic) within the jurisdiction of the home rule city.
(Emphasis added.) Vela v. People, 174 Colo. 465, 467,484 P.2d 1204, 1205 (1971).[2] The Vela
requirements have been reaffirmed many times, both as to local ordinances and as to home rule charters. Frick v.Abell, 198 Colo. 508, 602 P.2d 852 (1979); DeLong v.City and County of Denver, 195 Colo. 27, 576 P.2d 537
(1978); Conrad v. City of Thornton, 191 Colo. 444,553 P.2d 822 (1976); Greeley Police Union v. City Council ofGreeley, 191 Colo. 455, 553 P.2d 790 (1976); Bennion v.City and County of Denver, 180 Colo. 213, 504 P.2d 350
(1972).
Neither of these two requirements for superseding the local government audit law have been discussed in the city attorney's opinion, nor have they been met by Denver's charter provisions. To address the second requirement first, that the ordinance or charter provision must pertain to a purely local matter, I must again refer to and adopt the conclusion of the previous attorney general's opinion. That opinion concluded that the local government audit law serves a statewide interest and not a purely local interest. To expand on what is stated therein, cities and towns are responsible for collecting and remitting to the state certain state revenues, for example, the local liquor licensing fees mentioned in the previous opinion. See
C.R.S. 1973, 12-47-106 and 124. The state also disburses state funds to the cities and counties to be expended on specific projects, as described in the previous opinion.
These few examples of the financial interrelationship between the state and its various local governments, including the City and County of Denver, clearly demonstrate the necessity for the state auditor to account for and monitor state funds received from and disbursed to local governments, just as a city auditor must account for the receipts and expenditures of city funds. The local government audit law provides the vehicle which allows the state auditor to perform this duty, and thus it serves a statewide interest.
Perhaps an even more important statewide interest served by the local government audit law is to provide some assurance to the people of the State of Colorado that their tax dollars will be properly accounted for, and that each local government will be independently audited in accordance with generally accepted auditing standards. This interest alone would remove the local government audit law from being characterized a matter of exclusively local concern.
There is of course no question that local government accounting and auditing also serves a local interest. However, theVela court made clear that unless the matter ispurely of local interest and the state and local laws conflict, they may coexist. Thus where it is determined that a statewide interest is served by the statute, the matter cannot be purely of local concern. SeeDeLong v. City and County of Denver, 195 Colo. 27,576 P.2d 537 (1978); Conrad v. City of Thornton, 191 Colo. 444,553 P.2d 882 (1976); Evert v. Ouren,37 Colo. App. 402, 549 P.2d 791 (1976).
Further evidence that the local government audit law is designed to serve a statewide interest is found in the broad, inclusive definition of "local government" found in C.R.S. 1973, 29-1-602(2):
29-1-602(2) "Local government" means the government of:
(a) A county or a city and county;
(b) A city or a town;
(c) A school district or a junior college district;
 (d) A local improvement and service district, special district, or any other governmental unit having the authority under the general laws of this state to tax or impose assessments, including special assessments;
 (e) Any organization of political subdivisions of the state or their officers or employees, the expenses of which are paid in whole or in part from dues or contributions received from its member political subdivisions.
Clearly the general assembly intended that all units of local government comply with the law, including home rule cities as discussed above. Further, C.R.S. 1973, 29-1-603(1) requires the governing body of each local government in thestate to conduct an annual audit. The general assembly's decision to subject all local governments to the state law displays its belief that the statute serves a statewide interest and is not a matter of exclusively local concern in home rule cities. While this decision is not determinative of the question of statewide concern, it is entitled to great weight.See e.g., Century Electric Service andRepair, Inc. v. Stone, 193 Colo. 181, 564 P.2d 953
(1977).
As to the first requirement under Vela,supra, the conflict requirement, the city attorney has made a strong argument to the effect that there is no
conflict between the charter duties of the city auditor and the statutory duties of the city auditor under the local government audit law. I heartily concur with this conclusion, noting that the charter neither authorizes what the statute forbids nor forbids what the statute expressly licenses, authorizes, or requires. Vela v. People, supra. Thus there is no conflict between the statute and the charter provision, and under the Vela principle, they may coexist.
Therefore, because the statute and the ordinance are not in conflict, and because the ordinance does not pertain to a purely local matter, article VII of Denver's charter, setting forth the general duties of the city auditor, does not supersede the local government audit law. I therefore confirm the prior opinion of this office, issued June 22, 1966, and specifically opine that the City and County of Denver is subject to the provisions of the Colorado Local Government Audit Law, C.R.S. 1973, 29-1-601 et seq., as amended.
2. The Colorado Local Government Uniform Accounting Law sets forth a mechanism by which a uniform governmental accounting system may be established. Once established, the uniform accounting system is to be used by all local governments, both in completing their regular accounting activities and in preparing their local government audits under the local government audit law. See C.R.S. 1973, 29-1-504, 505(1) and 29-1-605(1)(a).
Again, I find no conflict between this statute and article VII of the Denver city charter. And as discussed above, because of the interplay between state and local funds, governmental accounting is not purely a local concern. Therefore, for the same reasons that the Colorado Local Government Audit Law is applicable to home rule cities, I believe that the Colorado Local Government Uniform Accounting Law is also applicable to home rule cities and may coexist with article VII of Denver's city charter.
SUMMARY
To summarize my opinion, both the Colorado Local Government Audit Law and the Colorado Local Government Uniform Accounting Law serve a statewide interest and do not conflict with article VII of the Charter of the City and County of Denver. Therefore, under Colorado law respecting home rule cities, Denver's charter provision does not supersede these state statutes, and the City and County of Denver is subject to both statutes.
Very truly yours,
 J.D. MacFARLANE Attorney General
MUNICIPAL CORPORATIONS AUDITORS AUDIT MUNICIPAL GOVERNMENT ACCOUNTANTS AND ACCOUNTANCY
C.R.S. 1973, 29-1-501 et seq. C.R.S. 1973, 29-1-601 et seq.
Colo. Const. art. XX, § 6
LEGISLATIVE BRANCH Auditor, Office of State
Both the Colorado Local Government Audit Law and the Colorado Local Government Uniform Accounting Law serve a statewide interest and do not conflict with article VII of the charter of the City and County of Denver. Therefore, under Colorado law respecting home rule cities, Denver's charter provision does not supersede these state statutes, and the City and County of Denver is subject to both statutes.
[1] Article XX of the Colorado Constitution provides for the creation of home rule cities and towns. Section 6 of that article, referred to in the city attorney's opinion, discusses the scope of the power and authority of a home rule charter adopted pursuant to article XX:
 Such charter and the ordinances made pursuant thereto in such matters shall supersede within the territorial limits and other jurisdiction of said city or town any law of the state in conflict therewith.
. . .
 From and after the certifying to and filing with the secretary of state of a charter framed and approved in reasonable conformity with the provisions of this article, such city or town, and the citizens thereof, shall have the powers set out in sections 1, 4 and 5 of this article, and all other powers necessary, requisite or proper for the government and administration of its local and municipal matters, including power to legislate upon, provide, regulate, conduct and control:
 a. The creation and terms of municipal officers, agencies and employments; the definition, regulation and alteration of the powers, duties, qualifications and terms or tenure of all municipal officers, agents and employees;
. . .
 The statutes of the state of Colorado, so far as applicable, shall continue to apply to such cities and towns, except insofar as superseded by the charters of such cities and towns or by ordinance passed pursuant to such charters.
. . .
[2] At page 469 (484 P.2d 1206) in the Vela opinion, the supreme court included charter provisions, as well as ordinances, within this two-step analysis citing with approval language in the dissent to Woolverton v. City andCounty of Denver, 146 Colo. 247, 361 P.2d 982 (1961):
 (S)uch charter and such ordinances (of home rule cities in local and municipal matters) supersede state laws in conflict therewith. . .
(Emphasis added.) Vela v. People at 469, 484 P.2d at 1206.