George E. Warren State Archivist Department of Administration Division of State Archives and Public Records 1313 Sherman Street Denver, CO 80203
Dear Mr. Warren:
This letter is in response to your request of July 30, 1980, for an attorney general's opinion regarding the transfer of city records to a library district and confirms my oral opinion given to you on August 8, 1980.
QUESTION PRESENTED AND CONCLUSION
You requested an opinion on the following question:
Can the city council of a home rule city by ordinance or resolution transfer the records of city agencies to another political subdivision, such as a library district?
The question is answered in the negative.
ANALYSIS
This question has arisen by reason of a letter addressed to the state archivist from the Pueblo Library District, dated June 27, 1980, inquiring whether the library district is authorized under the law to act as archivist of early municipal records for the city of Pueblo. Those records should presently be in the custody of a public officer of the city. C.R.S. 1973, 31-1-101(3),31-4-110. This request emanated from the Pueblo Library District, and the city of Pueblo is not seeking approval for such a procedure.
The Colorado General Assembly has provided that "the division (of state archives and public records) shall succeed to all records of the State of Colorado or any political subdivision thereof, as the same are defined in section 24-80-101." C.R.S. 1973,24-80-102(1). The state archivist only succeeds to those records which the public officer having custody of the records deems "unnecessary for the transaction of the business of his office." C.R.S. 1973, 24-80-104. All public officers who have custody of public records must prior to disposal of the unneeded records consult with the state archivist and the attorney general to determine whether such records have "legal, administrative or historical value." C.R.S. 1973, 24-80-103. If the records do not meet any of the criteria for preservation they may be disposed of as determined by the three officers. C.R.S. 1973,24-80-103. If the unneeded records do meet the criteria for preservation and the local custodian wants to transfer or dispose of them they must be transferred to the custody of the Division of Archives and Public Records. C.R.S. 1973, 24-80-104.
There is no provision in the statutes for the transfer and preservation of records of "legal, administrative or historical value" to library districts or similar entities. Despite the fact that a library district might well offer safe and available facilities for such records, the statutes do not provide for a library district to act as the archivist of a political subdivision's records.
The only remaining issue is whether the statutes on "State Archives and Public Records," C.R.S. 1973, 24-80-101, etseq., apply to home rule cities. Under article XX section 6
of the Colorado Constitution, for a state statute to be superseded by an ordinance of a home rule city, as in the situation you posit, two requirements must be met. The Colorado Supreme Court reiterated these in Vela v. People,174 Colo. 465, 467, 484 P.2d 1204 (1971):
 The state statute and the ordinance must be in conflict, and the ordinance must pertain to a purely local matter.
The initial inquiry then is whether the preservation of public records is of local or statewide concern for "statutes dealing with matters of statewide concern operate to the exclusion of conflicting local ordinances." Century Electric Service andRepair, Inc. v. Stone, 193 Colo. 181, 183, 564 P.2d 953
(1977).
It seems clear from the statutes concerned with the preservation of public records that the general assembly intended to establish a statewide, comprehensive and exclusive scheme for the preservation and disposal of public records, be they state records or a political subdivision's records. The purpose of the statutory scheme is to preserve the documentary history of the state and its various governmental subdivisions. While it may be argued that the treatment of local records is a matter of purely local concern, such an analysis fails to acknowledge the great importance to the state as a whole of preserving our history through public records.
Although there is no express legislation determination that this matter is one of statewide interest, the statutes when considered as a whole can leave no doubt as to the goal and intent of the general assembly. The local records are the arteries through which the historical blood of the entire state flows.
An ordinance attempting to establish procedures for the disposition of city records by transferring them to a library district would be in conflict with C.R.S. 1973, 24-80-102(1) which mandates that State Archives "shall succeed to all records of the State of Colorado or any political subdivision thereof." Therefore, it is my opinion that the city council of a home rule city cannot by ordinance or resolution transfer the records of that city to another political subdivision or a library district.
The library district letter refers to the city of Pueblo furnishing the library copies of city reports. In the absence of specific confidentiality provisions in the city charter or ordinances, I find no prohibition which would prevent the Pueblo City Council from depositing copies of all reports with the Pueblo Library District. This opinion is directed solely to the transfer or disposition of original city records.
In your letter you referred to C.R.S. 1973, 18-8-114, which defines the misdemeanor offense of "abuse of public records." In view of the fact that this offense is prosecuted by the district attorney and the fact that any discussion of such an offense would be highly premature, I express no opinion on this matter.
SUMMARY
In summary, it is my opinion that a home rule city cannot transfer original public records to a library district. If the city, because of space limitations, finds it necessary to transfer unneeded public records, the city is required under the statutes to proceed through the state archivist. There is no statutory authority for transferring unneeded records to a library district.
Very truly yours,
 J.D. MacFARLANE Attorney General
ARCHIVES LIBRARIES OPEN RECORDS MUNICIPAL GOVERNMENT MUNICIPAL CORPORATIONS
C.R.S. 1973, 31-1-101(3) C.R.S. 1973, 31-4-110
C.R.S. 1973, 24-80-101
C.R.S. 1973, 24-80-102(1) C.R.S. 1973, 24-80-103
C.R.S. 1973, 24-80-104
Colo. Const. art. XX, § 6
ADMINISTRATION, DEPT. OF Archives Public Records
A city council of a home rule city cannot transfer the original records of city agencies to another political subdivision, such as a library district, by ordinance or resolution.