The CITY AND COUNTY OF
DENVER, Petitioner,

v.

Michael B. HOWARD, Respondent.

No. 79SC354.

Supreme Court of Colorado,
En Banc.

Jan. 26, 1981.

Max P. Zall, City Atty., Lee G. Rallis, Larry Bohning, Asst. City Attys., Denver, for petitioner.

Clark, Martin & Pringle, Bruce D. Pringle, James A. Clark, Denver, for respondent.

HODGES, Chief Justice.

We granted certiorari to review the superior court's judgment reversing the county court convictions of respondent-defendant, Michael B. Howard, for violating two Denver municipal ordinances. We affirm in part and reverse in part.

The parties have stipulated the facts of the incident giving rise to the defendant's convictions. During the early morning hours of August 2, 1977, the defendant flourished a hand gun in a bar. The gun was registered with the Denver Police Department and the defendant had a permit to carry a concealed weapon. Shortly after this incident, Denver police officers arrived at the scene and arrested Charles Grant, placing him in custody in their police car. The defendant, who was not being detained, came to the driver's side of the police vehicle and unlocked the rear door where Grant was sitting. Officer Ward relocked the door. The defendant then went to the other side of the vehicle and unlocked the rear door by reaching in through the front door. Officer Wampler told defendant he could not get into the car and should not unlock or open the door. Officer Wampler relocked the door. The defendant proceeded to unlock and reopen the door. Officer Wampler then arrested him for interference.

The defendant was convicted by the Denver county court of violating *Denver Revised Municipal Code* 845.1–1 (flourishing a deadly weapon) and 846.1–2 (interference with a police officer). He appealed to the superior court which reversed his convictions.

### I—*Flourishing a Weapon*

The defendant was charged and convicted of flourishing a deadly weapon in violation of *Denver Revised Municipal Code* 845.1–1.[1] The superior court ruled that *Denver Revised Municipal Code* 845.2–1 precluded defendant from being convicted of flourishing a weapon. We agree.

*Denver Revised Municipal Code* 845.2–1 provides:

"It shall be an affirmative defense to charges brought under Section 845.1 of this Code that the weapon is or was carried by a person:

.        .        .        .        .

---

1. Denver Revised Municipal Code 845.1–1 provides:

"It shall be unlawful for any person to wear under his clothes, or concealed about his per-

.2–1(3) After he was issued a written permit to carry a weapon by the Chief of Police of any city, Mayor of a town, or Sheriff of a county; and the carrying of such weapon is within the terms of such permit."

The City and County of Denver asserts that the obvious intent of 845.2–1 is to provide an affirmative defense to charges of carrying a concealed weapon, proscribed by 845.-1–1, but was not intended to be a defense to flourishing a deadly weapon which coincidentally happens to be proscribed by section 845.1–1. *Denver Revised Municipal Code* 845.2–1, however, unambiguously applies to 845.1–1 which includes the offense of flourishing a deadly weapon.

■ A legislative enactment, however, must be given effect according to its plain and obvious meaning. *See e. g., Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973); *City of Montrose v. Niles*, 124 Colo. 535, 238 P.2d 875 (1951). In this case, *Denver Revised Municipal Code* 845.-2–1 clearly provides an affirmative defense to charges brought under 845.1 which includes flourishing a deadly weapon. The parties stipulated that the defendant had a permit to carry the gun, and the county court made a finding, which has not been challenged, that the defendant was carrying the gun within the scope of his permit at the time of the incident. The superior court therefore was correct in reversing the defendant's conviction of flourishing a deadly weapon. We therefore affirm the superior court's judgment in reversing the defendant's conviction of violating *Denver Revised Municipal Code* 845.1–1.

### II—*Interference*

The defendant was charged and convicted of violating *Denver Revised Municipal Code* 846.1–2 which provides:

"It shall be unlawful for any person, in any way, to interfere with or hinder any

son, or to display in a threatening manner, or to flourish any dangerous or deadly weapon, including, but not by way of limitation, any pistol, revolver. . . ."

police officer, any member of the Police Department, or any person duly empowered with police authority, while such officer, member, or person empowered with police authority is discharging or apparently discharging his duties."

The defendant appealed to the superior court alleging in his notice of appeal that "[t]he trial court erred in concluding that the offense of interference contained in § 846.1–2 does not require that the defendant use or threaten to use violence or force and further erred in holding that the said offense does not require specific intent to obstruct, impair, or hinder the performance of any police officer." The superior court found that this ordinance would conflict with section 18–8–104, C.R.S. 1973 (1978 Repl. Vol. 8)[2] unless the ordinance were interpreted to include these additional elements contained in the statute. The superior court construed the ordinance as including an intent to obstruct, impair, hinder and requiring the use or threatened use of force as required by the statute. Finding that there were no stipulated facts to satisfy these elements, the superior court reversed the defendant's conviction.

█ It is well-established that a municipality may prohibit designated conduct provided the subject is one of local concern. *E. g., Vela v. People*, 174 Colo. 465, 484 P.2d 1204 (1971). If the subject is of both local and statewide concern, a municipal ordinance may not conflict with a state statute dealing with the same subject. *City of Aurora v. Martin*, 181 Colo. 72, 507 P.2d 868 (1973); *Bennion v. City and County of Denver*, 180 Colo. 213, 504 P.2d 350 (1972). If an ordinance does conflict with a statute, then the ordinance is void. *Bennion, supra.*

█ In general, a conflict arises between an ordinance and a statute when an ordinance prohibits what a statute authorizes, or the ordinance permits what a statute forbids. *Id.* This general rule is subject to a recognized qualification. In *Ray v. City*

*and County of Denver*, 109 Colo. 74, 121 P.2d 886 (1942), this court stated:

"[W]here both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective. . . ."

*See also City and County of Denver v. Waits*, 197 Colo. 563, 595 P.2d 248 (1979); *Vela v. People, supra.*

█ In this case, the superior court correctly ruled that interference with a peace officer is a matter of both local and statewide concern. As such, the ordinance is valid if, *inter alia*, it does not conflict with a state statute. The superior court misapprehended, however, the potential conflict between the ordinance and the statute.

The ordinance is broader and more inclusive than the statute. It prohibits interference with a peace officer which may not rise to the level of "using or threatening to use violence, force, or physical interference, or obstacle." As such, the ordinance merely proscribes another range of conduct for which a person may be prosecuted in addition to that proscribed by the statute.

The ordinance does not prohibit conduct which the General Assembly has "licensed, authorized, or required." Nor is there any conflict "between the provisions of the statute and the ordinance because of which they cannot coexist and be effective." *Cf. Vela v. People, supra.* Consequently, the ordinance does not conflict with the statute.

The superior court improperly construed ordinance 846.1–2 to include elements of the statute. The judgment of the superior

---

**2.** "(1) A person commits obstructing a peace officer . . . when, by using or threatening to use violence, force, or physical interference, or obstacle, he knowingly obstructs, impairs, or hin-

ders the enforcement of the penal law or the preservation of the peace by a peace officer, acting under color of his official authority . . . ."

court is accordingly reversed and the defendant's conviction of violating *Denver Revised Municipal Code* 846.1–2 is affirmed.

The judgment of the superior court is affirmed in part and reversed in part.

ERICKSON and ROVIRA, JJ., do not participate.