Philip M. MOBELL, and his wife, Arlene S. Mobell, Plaintiffs-Appellees,

v.

The CITY AND COUNTY OF DENVER, a municipal corporation, Stephen L. Wilson and Avelino Barelo, Individually and as members of the Police Department of the City and County of Denver, Defendants-Appellants.

No. 80CA0725.

Colorado Court of Appeals,
Div. III.

March 10, 1983.

Rehearing Denied April 7, 1983.

Certiorari Denied Sept. 26, 1983.

Lawrence Litvak, Bennett S. Aisenberg, Denver, for plaintiffs-appellees.

Max P. Zall, City Atty., Lloyd K. Shinsato, Carl R. Mangino, Asst. City Attys., Denver, for defendants-appellants.

KELLY, Judge.

The City and County of Denver appeals adverse verdicts for damages in favor of the plaintiffs in a negligence action arising out of a collision between the plaintiffs' vehicle and a vehicle being driven by Charles Lucero and pursued by a Denver police vehicle which had not activated its flashing lights or siren. Denver contends the trial court erred at the conclusion of the first trial in granting plaintiffs' motion for a new trial. It also contends that the trial court erred at the second trial in failing to

direct a verdict in Denver's favor and in failing, *sua sponte,* to give certain instructions to the jury concerning the negligence of a third person, and it argues the damages are excessive. We affirm.

It is uncontroverted that, at the first trial, the court instructed the jury that both the Denver city ordinance and §§ 42–4–106(2)(c) and 42–4–106(3), C.R.S.1973, provide that the driver of an authorized emergency vehicle, when in pursuit of an actual or suspected violator of the law, may exceed the posted speed limit *only* when such vehicle is making use of an audible signal and is displaying a red light. However, as the trial court noted in its order granting the new trial, § 42–4–106(3) also provides that such a vehicle need *not* display or make use of audible and visual signals so long as such pursuit is being made to obtain verification or evidence of the guilt of the suspected violator. The trial court concluded that the two provisions are in conflict and that the giving of both instructions must have confused the jury. Accordingly, the trial court granted the new trial.

■ The City argues that this order was improper. We disagree. The trial court ruled, in part:

"The conduct *proscribed* by the Denver ordinance is the same conduct encompassed within and *permitted* by the state statute. Under these circumstances, since the subject matter of the Denver city ordinance and the state statute is one of both local and statewide concern, and since the city ordinance and the state statute are in conflict, the state statute would ordinarily [supersede] the Denver home-rule municipal ordinance. *DeLong v. City and County of Denver,* [195 Colo. 27] 576 P.2d 537 (1978).

"However, C.R.S.1973, 42–4–108(1)(a), expressly authorizes local municipalities to enact and enforce traffic ordinances *which cover the same subject matter* as the state traffic statutes, *except* (so far as is here material) as provided in 42–4–108[1](c). Sec. 42–4–108[1](c) provides that, 'No local authority shall adopt, enact, or enforce *on any street which is a*

*state highway . . .'* any ordinance which is in conflict with any state statutory regulation. But as to those streets which are *not* state highways, such as Cherry Creek Drive North, a local authority *may,* pursuant to 42–[4]–108[1](c), adopt and enforce a local traffic ordinance which *is* in conflict with a state statutory traffic regulation *covering the same subject matter.* Thus the state statute authorizes the enactment and enforcement of local traffic ordinances which cover the same subject matter as state traffic statutes and which are in conflict therewith, so long as the local ordinance is not enforced on any street which is a *state highway.* It follows that under the facts of the instant case, even though the Denver city ordinance and the state statute are in conflict and even though they do pertain to a matter which is of both local and statewide concern, the ordinance controls since the street upon which this accident occurred is *not* a state highway."

■ We agree with this interpretation of the Denver ordinance and the state statute, and, since it is uncontroverted that the location of the accident was not a state highway, the trial court properly granted a new trial.

■ Our review of the record does not support Denver's argument that the trial court should have granted Denver's motion for directed verdict. A motion for directed verdict may be granted only if the evidence, when considered in the light most favorable to the party against whom the motion is directed, compels the conclusion that the minds of reasonable persons could not be in disagreement. *Romero v. Denver & Rio Grande Western Ry. Co.,* 183 Colo. 32, 514 P.2d 626 (1973). This test has not here been met.

Denver argues that the damages awarded to the plaintiffs are in excess of the limiting provisions of § 24–10–114(1), et seq., C.R.S. 1973 (1982 Repl.Vol. 10). Denver does not contend that there are charter provisions limiting recovery. Hence, this case is controlled by *DeLong v. City & County of Denver,* 195 Colo. 27, 576 P.2d 537 (1978).

We will not consider Denver's contention that the trial court should have instructed the jury concerning the negligence of a third person and the apportionment of damages, there being no request for or tender of such an instruction. C.R.C.P. 51; *Montgomery Ward & Co. v. Kerns,* 172 Colo. 59, 470 P.2d 34 (1970).

The judgment is affirmed.

VAN CISE and BERMAN, JJ., concur.