**CHEROKEE WATER & SANITATION DISTRICT, Triview Metropolitan District, Sunset Metropolitan District, Falcon Properties and Investments, a Colorado partnership, and Woodmen Hills, Inc., a Colorado corporation, Plaintiffs–Appellants,**

v.

**EL PASO COUNTY and Charles H. Meier, Jr., Marcy Morrison, James Campbell, Terry R. Harris, and Loren R. Whittemore, as the County Commissioners of El Paso County, Colorado, Defendants–Appellees.**

No. 87CA1529.

Colorado Court of Appeals, Div. II.

Dec. 29, 1988.

Rehearing Denied Jan. 26, 1989.

Certiorari Denied March 27, 1989.

Four of plaintiffs' claims were dismissed on the county's motion before trial. The first claim, for injunctive relief and damages under C.R.C.P. 106(a)(2), and the second and fourth claims, for judicial review under C.R.C.P. 106(a)(4) and the Administrative Procedure Act (APA), were dismissed on the basis that the regulation was adopted by the board acting in a legislative and not in a quasi-judicial capacity. The fifth claim, for damages for the unconstitutional taking of property, was dismissed for failure to state a justiciable claim.

Trial proceeded on the plaintiff's remaining claim, for a declaratory judgment, and the county prevailed. This appeal followed.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Peter M. Susemihl, Colorado Springs, Saunders, Snyder, Ross & Dickson, P.C., William B. Tourtillot, Jr., Denver, for plaintiffs-appellants.

Beth A. Whittier, County Atty., Colorado Springs, Holme Roberts & Owen, Michael F. Browning, Raymond L. Petros, Jr., Richard A. Johnson, Boulder, for defendants-appellees.

VAN CISE, Judge.

In November 1986, the Board of County Commissioners of El Paso County (the county) amended its subdivision regulations by adopting a requirement that a developer must demonstrate that he has water supplies available sufficient for 300 years before a new residential subdivision will be approved. Plaintiffs challenged this amendment and the 300 year water policy incorporated therein by bringing this action seeking a declaratory judgment that the regulation is invalid and asserting four other claims for relief. From adverse judgments on all claims, plaintiffs appeal. They also appeal the denial of their motion to transfer this case to the water court. We affirm.

## I.

Plaintiffs assert error in the trial court's denial of their motion to transfer this case to the water court. We disagree. Both the trial court and the water court correctly concluded that this is not a water matter reserved to the exclusive jurisdiction of the water court. *See Humphrey v. Southwest Development Co.,* 734 P.2d 637 (Colo.1987). Instead, it involves a challenge to land use regulations.

## II.

Plaintiffs also assert error in the trial court's dismissal of their first, second, and fourth claims. Again, we disagree. The county's adoption of the amendment to the subdivision regulations was a legislative act. The amended regulation sets forth the general policy of the county and is not limited in application to a specific piece of property. As the regulation was not adopted by applying facts of a specific case to criteria established by law, the county did not act in a quasi-judicial capacity.

C.R.C.P. 106(a)(2) and C.R.C.P. 106(a)(4) are inapplicable to challenges of legislative action. *See Cherry Hills Resort Development Co. v. City of Cherry Hills Village,*

757 P.2d 622 (Colo.1988); *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (Colo.1975). The APA only applies to agencies having statewide territorial jurisdiction, absent specific statutory reference. Section 24-4-107, C.R.S. (1988 Repl.Vol. 10A). Here, there is no basis for contending that the county's jurisdiction is statewide and there is no statutory authority supporting application of the APA. *See Cottrell v. City & County of Denver,* 636 P.2d 703 (Colo.1981), fn 16.

### III.

Plaintiffs also contend that the trial court erred in its resolution of their claim for a declaratory judgment that the regulation is invalid. They mounted a four-pronged attack on the regulation, alleging it is *ultra vires,* an unconstitutional taking of property, arbitrary and capricious, and preempted by state statute. We reject each of these contentions.

Far from being *ultra vires,* the amendment to the regulations was adopted as an attempted implementation of the state statute pertaining to subdivision regulations, 30-28-133, C.R.S. (1986 Repl.Vol. 12A). Subsection (6)(a) of that statute prohibits counties from approving a plot for any subdivision unless the subdivider has provided evidence that establishes "that definite provision has been made for a water supply that is sufficient in terms of quantity, dependability, and quality to provide an appropriate supply of water in the type of subdivision proposed." The county acted well within its bounds in adopting the regulation in question.

■ Nor have the plaintiffs shown an unconstitutional taking of property. As the challenge is facial, plaintiffs must prove that the mere enactment deprived them of all reasonable use of their property. *Landmark Land Co. v. City & County of Denver,* 728 P.2d 1281 (Colo.1986), *appeal dismissed sub nom., Harsh Investment Corp. v. City & County of Denver,* 483 U.S. ——, 107 S.Ct. 3222, 97 L.Ed.2d 729 (1987). Plaintiffs were unable to demonstrate that the regulation will prevent even residential development on their property, let alone any other reasonable use. Thus, no taking occurred by enactment of the regulation.

■ Nor are we convinced that the regulation is arbitrary or capricious. Plaintiffs bore the burden of proving beyond a reasonable doubt that the regulations are not rationally and reasonably related to a valid governmental interest. *Sellon v. City of Manitou Springs,* 745 P.2d 229 (Colo.1987). The evidence presented by the county demonstrates that the regulation is designed to insure that no development take place where there are not adequate water supplies for the future. Such an interest is valid, and the regulation is rationally and reasonably related thereto, thus satisfying both the federal and state constitutional requirements.

Finally, we reach plaintiffs' argument that the regulations are preempted by state statutes.

■ The statutes alleged to preempt the regulation are several water use and allocation statutes amended by Senate Bill 5 in 1985. Specifically, by such amendment, § 37-90-137, C.R.S. (1988 Cum.Supp.) permits withdrawals from non-tributary ground water based on an aquifer life of one hundred years. Plaintiffs argue that requiring evidence of a water supply adequate for 300 years as a prerequisite for final approval of development plans conflicts with that statutory standard and is, therefore, preempted.

■ Preemption occurs only when the statute and regulation contain express or implied conditions which are irreconcilable. *C & M Sand & Gravel v. Board of County Commissioners,* 673 P.2d 1013 (Colo.App. 1983). Neither the purpose nor effect of the state statute and the county regulation are inconsistent. The purpose of the 1985 statutory amendments was to determine the allocations among competing Denver

Basin water users. Those changes do not purport to have any relation to land use. By contrast, the county regulation establishes minimum requirements for the approval of future development within the county. It has no effect upon water allocations or priorities. Nothing in the regulation prevents an owner of a Denver Basin water allocation from withdrawing his or her share in full over 100 years. It merely requires evidence of alternative sources for the remaining 200 years. Since there is no conflict, the regulation is valid. *See City of Aurora v. Martin*, 181 Colo. 72, 507 P.2d 868 (1973).

JUDGMENT AFFIRMED.

SMITH and REED, JJ., concur.